UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT BECKLEY

DAVID TURNER,

    Petitioner,

v.                                              CIVIL ACTION NO. 5:21-cv-00633

D.L. YOUNG,

    Respondent.

## MEMORANDUM OPINION AND ORDER

Pending are Petitioner David Turner's Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 [Doc. 1], his motion pursuant to *Federal Rule of Civil Procedure* 60(b) [Doc. 12], and Respondent D.L. Young's motions to dismiss [Docs. 5, 8]. The matter is ready for adjudication.

### I.

On November 20, 2021, Mr. Turner, an inmate at Federal Correctional Institution ("FCI") Beckley, filed this § 2241 petition against Mr. Young, the warden of that facility, seeking to have the Bureau of Prisons ("BOP") apply time credits as provided in the First Step Act of 2018, 18 U.S.C. § 3632(d)(4). [Doc. 1]. The Court subsequently referred the petition to the Honorable Cheryl A. Eifert, United States Magistrate Judge, for submission of proposed findings and a recommendation ("PF&R"). [Doc. 3]. Mr. Young moved to dismiss the petition on December 14, 2021, and February 10, 2022. [Docs. 5, 8].

On May 9, 2022, Magistrate Judge Eifert filed a PF&R recommending that the Court grant Mr. Young's motions to dismiss, dismiss Mr. Turner's petition, and remove this case from the docket. [Doc. 10]. Although Magistrate Judge Eifert concluded that Mr. Turner's petition was not moot, she did find that he failed to exhaust his administrative remedies and, alternatively, that he was not eligible for the First Step Act time credits. *Id.* at 7-13. Mr. Turner subsequently filed a "Declaration-Affidavit" dated May 5, 2022, which the Court construes as an objection to the PF&R, and a motion pursuant to *Federal Rule of Civil Procedure* 60(b) dated February 2, 2022. [Docs. 11, 12].

## II.

With respect to his motion pursuant to *Federal Rule of Civil Procedure* 60(b), Mr. Turner argues that the Court should vacate several orders because he never consented to be heard by a magistrate judge.[1] While under *Federal Rule of Civil Procedure* 60(b) "the court may relieve a party . . . from . . . [any] order," no such relief is warranted here. Pursuant to 28 U.S.C. § 636(b)(1)(A), "a judge may designate a magistrate judge to hear and determine any pretrial matter pending before the court" subject to certain exceptions not applicable here. Importantly, there is no requirement, as Mr. Turner suggests, that he consent to such a referral. Accordingly, as its referral of pretrial matters to the Magistrate Judge was expressly authorized by statute, the Court **DENIES** Mr. Turner's motion.

---

[1] Mr. Turner also alleges that employees at FCI Beckley "concealed" two of these orders from him. [Doc. 12]. But beyond this bald assertion, Mr. Turner has no evidence to support this claim. Moreover, by moving to vacate these same orders, Mr. Turner implicitly concedes to have received them prior to filing his motion.

### III.

Turning to Mr. Turner's objections to the PF&R, he contends that he was unable to exhaust his administrative remedies because of improper conduct by employees at FCI Beckley. [Doc. 11]. The Court is required "to make a de novo determination of those portions of the report or specified findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). The Court need not review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. *See Thomas v. Arn*, 474 U.S. 140 (1985). Further, the Court need not conduct de novo review when a party "makes general and conclusory objections that do not direct the Court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

"As a general rule, in the absence of 'exceptional circumstances where the need for the remedy afforded by the writ of habeas corpus is apparent,' courts 'require[ ] exhaustion of alternative remedies before a prisoner can seek federal habeas relief.'" *Timms v. Johns*, 627 F.3d 525, 530-31 (4th Cir. 2010) (internal citations omitted) (alteration in original) (quoting *Bowen v. Johnston*, 306 U.S. 19, 27 (1939); *Boumediene v. Bush*, 553 U.S. 723, 793 (2008)). In other words, "[w]hile habeas corpus is 'always available to safeguard the fundamental rights of persons wrongly incarcerated,' it 'is the avenue of last resort.'" *Id.* (quoting *Martin-Trigona v. Shiff*, 702 F.2d 380, 388 (2d Cir. 1983)). Specifically, as is relevant here, "[f]ederal prisoners must exhaust their administrative remedies prior to filing § 2241 petitions." *McClung v. Shearin*, 90 F. App'x 444, 445 (4th Cir. 2004) (citing *Carmona v. United States Bureau of Prisons*, 243 F.3d 629, 634 (2d Cir. 2001); *Little v. Hopkins*, 638 F.2d 953, 953-54 (6th Cir. 1981)).

The BOP's Administrative Remedy Program, 28 C.F.R. §§ 542.10 *et seq.*, provides

3

inmates with an avenue "to seek formal review of an issue relating to any aspect of [their] own confinement." 28 C.F.R. § 542.10(a). Subject to certain exceptions, an inmate must first "present an issue of concern informally to staff." *Id.* § 542.13(a). If that fails to resolve the concern, an inmate next must submit an Administrative Remedy Request. *Id.* § 542.14(a). An inmate who is dissatisfied with the Warden's response to that request may appeal to the appropriate Regional Director and then, as a final administrative appeal, to the General Counsel. *Id.* § 542.15(a).

Here, Magistrate Judge Eifert found that Mr. Turner failed to exhaust his administrative remedies prior to filing his petition because he did not appeal his Administrative Remedy Request to the General Counsel. [Doc. 10 at 11-12]. Mr. Turner does not directly dispute this conclusion, but instead contends that, through various improper acts, employees at FCI Beckley made the BOP's Administrative Remedy Program unusable. [Doc. 11]. However, the evidence in this case belies Mr. Turner's contention. Despite his allegations of misconduct, Mr. Turner was able to file an Administrative Remedy Request and to appeal the denial of that request to the Regional Director. [Doc. 8-1 at 2, 7]. Moreover, Mr. Turner's only evidence of misconduct by employees at FCI Beckley are his own self-serving statements. [Doc. 11]. Accordingly, based on the evidence of record, the Court **OVERRULES** Mr. Turner's objection.

### IV.

For the foregoing reasons, the Court **DENIES** Mr. Turner's motion pursuant to *Federal Rule of Civil Procedure* 60(b) [**Doc. 12**], **OVERRULES** his objection [**Doc. 11**], **ADOPTS** the Magistrate Judge's PF&R [**Doc. 10**], **GRANTS** Mr. Young's motions to dismiss [**Docs. 5, 8**], **DENIES** the petition [**Doc. 1**], and **REMOVES** this case from the docket.

The Court **DIRECTS** the Clerk to transmit a copy of this written opinion and order

to counsel of record and any unrepresented party.

        ENTER:     March 16, 2023

Frank W. Volk
United States District Judge